ANGELO MADDALENA *vs.* PETER MASSO.

JANUARY 14, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Specific Performance.   Construction of Will.   Equity Practice.*

Complainant brought a bill in equity for specific performance.

Respondent did not file an answer, and after the presentation of some testimony the cause was certified for determination by a decree reciting that it was a bill in equity for the construction of a will which was ready for hearing for final decree.

*Held,* that the bill being one for specific performance and the construction of the will being a collateral question, the cause was improperly certified under the decree.

*Held,* further, that the statute provided a direct and simple procedure for the construction of a will by a bill for that purpose only.

*(2)   Construction of Will.*

If the determination of the court on the question of the construction of a will is sought, the statutory procedure must be followed.   This is not a technical rule of practice but designed for the benefit of all the parties interested in the will.

BILL IN EQUITY FOR SPECIFIC PERFORMANCE.   Certified under G. L. cap. 339, sec. 35, and remanded as improperly certified.

STEARNS, J.   This is a bill in equity to compel the respondent to specifically perform his agreement with the complainant to purchase two lots of land numbered 25 and 26 on the Summerdale Plat on record in the city of Providence.

The respondent accepted legal service of the subpoena but he has never entered an appearance or filed any answer or a plea.   By order of the Superior Court, on motion made, notice by publication was given to all persons claiming any

title through the complainant's deceased wife. Thereafter on motion of complainant the cause was assigned for hearing and heard by a justice of the Superior Court, the only party represented being the complainant. After presentation of some testimony, the cause was certified to this court for determination by a decree wherein it is stated that the cause was a bill in equity for the construction of a will which was ready for hearing for final decree. G. L. 1923, C. 339, s. 35. Prior to certification a decree *pro confesso* was entered against the heirs of complainant's wife, but not against respondent.

The bill alleges that complainant and his wife, Angela owned two parcels of land on Gray street, near Chalkstone avenue, as tenants in common; that on January 3, 1922, said Angela died and by her will devised to complainant "one half of the lots situated on Gioston avenue and Grete street, purchased together"; that this description of the land was erroneous and due to the mistake of an Italian notary who drew the will; that there is no Gioston avenue or Grete street in the city of Providence and that complainant's wife owned no other real estate except that located near Chalkstone avenue on Gray street; that respondent contracted to purchase the lots but has refused to perform his contract because of the description of the land in the will.

The relief sought is that the court declare the devised land and the platted lots to be the one and the same and that Masso, the respondent, be required to perform his agreement to purchase.

The bill is for specific performance. It is not a bill for the construction of a will. The basis of the suit is the alleged agreement between vendor and vendee. The construction of the will is a secondary and collateral question, the decision of which becomes necessary only after satisfactory proof of the agreement to buy. To require all parties interested in a will to engage in such a legal proceeding is unnecessary and burdensome. The statute (C. 339,

s. 35) provides a direct and simple procedure for the construction of a will, by a bill in equity for that purpose only. The question when thus presented is of common interest to all the parties, and other issues between some of the parties only, are not involved. The practice is established that, if the determination of this court on the question of the construction of a will is sought, the statutory procedure must be followed. *Newport Hospital, Trustee, v. Harvey,* 47 R. I. 382. This is not a technical rule of practice but is designed for the benefit of all the parties interested in a will.

As this cause has been improperly certified to this court, it is ordered that it be remanded to the Superior Court for further proceedings.

*Arthur Cushing, Edward W. Bradford,* both of Providence, for complainant.

(No appearance for respondent.)